THE, STATE *v.* NANCY GOODBAR.

COSTS. *Taxation. Supreme Court. Jurisdiction.* The jurisdiction of this court over the taxation of its own costs is plenary, and where there is anything in the transcript to correct by, an erroneous taxation of costs in the inferior court may be corrected, but not otherwise.

FROM WARREN.

MOTION TO DISCHARGE SUPERSEDEAS.

ATTORNEY-GENERAL LEA for the motion.

McMURRAY against the motion.

COOPER, J., delivered the opinion of the court.

A judgment having been rendered in this case at the last term in favor of the State against Nancy Goodbar, she obtained a *supersedeas* from one of the judges of the court, superseding the execution as to some of the items of costs because erroneously taxed. A motion is now made by the State to discharge the *supersedeas.*

The taxation of costs is an incident to a suit, and the jurisdiction of adjusting and correcting the taxation must be left to the forum which determines the suit. If the taxation be erroneous, the cost may be retaxed at the instance of the party aggrieved: Code, sec. 3212. The jurisdiction of this court over the taxation of its

The State *v*. Goodbar.

own costs is plenary, and, where there is anything in the transcript to correct by, an erroneous taxation of costs in the inferior court may be corrected here: *Whitesides* v. *Rayle*, 3 Hum., 205; *Ross* v. *McCarty*, 3 Hum., 169. But the taxation of costs by the inferior court for the attendance of witnesses there cannot be corrected by the appellate court, unless a motion has been made in the lower court to correct the taxation, the opinion of the court had upon the question, and the motion and judgment entered of record: *Sherman* v. *Brown*, 4 Yer., 561. The reason is, that the taxation of the costs of the trial belongs to the trial court, and the jurisdiction of this court in that regard is only for the correction of errors appearing of record.

The petition, upon which the *supersedeas* in this case was granted, states that the erroneous taxation complained of is in the attendance and mileage of certain witnesses named, the clerk not having sworn the witnesses as required by law; in allowing an officer for serving more subpœnas than were executed; in allowing for an extra guard when no guard was necessary; in allowing the clerk fees for more recognizances than were taken, and for the transcript more than he was entitled to; and in allowing a certain person named a larger fee for a particular service than the law gives. The excess in the costs taxed is put at about $82.

This court may correct the error, if any, in the charge for the transcript, and any fees in the bill of costs which upon their face are in excess of those allowed by law, and a retaxation for these purposes will be ordered if required. The other items complained

of, could only be corrected in the first instance in the court below. Whether it can now be done in that court is a question not before us, and on which we express no opinion.

Ordered accordingly, modifying the *supersedeas* to that extent.